UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

JOHNATHAN JOHNSON,

                Plaintiff,

v.                                                  9:12-CV-0329 (GTS/DEP)

DONALD HAUG, Food Adm'r, Upstate Corr. Facility;
GAYLE HAPONIK, Deputy Comm'r;
CARL J. KOENIGSMANN, Chief Med. Officer;
JANE/JOHN DOE, Dietician; JANE/JOHN DOE, Nutritionist;
RICHARD ADAMS, Doctor, Upstate Corr. Facility; and
NANCY SMITH, Nurse Adm'r, Upstate Corr. Facility;

                Defendants.

───────────────────────────────────────────────

APPEARANCES:

JOHNATHAN JOHNSON, 89-A-1042
  Plaintiff, Pro Se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

GLENN T. SUDDABY, United States District Judge

## DECISION and BAR ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Johnathan Johnson ("Plaintiff") against the seven above-captioned correctional employees ("Defendants"), are (1) Plaintiff's motion for reconsideration of the Court's Order of June 12, 2012, denying his motion for leave to proceed *in forma pauperis*, and (2) his response to the Court's Order of the same date, directing him to show cause as to why he should not be barred from filing any future *pro se* actions in this Court without first obtaining leave of the Court pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to manage its docket so as to prevent abuse in its proceedings.

(Dkt. No. 6.) For the reasons set forth below, Plaintiff's motion for reconsideration is denied; his action is dismissed without prejudice; his response to the Court's Order to Show Cause is found to be inadequate; he is barred from filing any future *pro se* motions in this action without first obtaining leave of the Court; and his case is forwarded to Chief United States District Judge Gary L. Sharpe with a recommendation that an Anti-Filing Injunction Order be issued.

I.      **MOTION FOR RECONSIDERATION**

The Court has carefully considered Plaintiff's motion for reconsideration, and denies it for each of the following two alternative reasons. First, Plaintiff's motion is unsupported by an affidavit, in violation of Local Rules 7.1(g) and 7.1(a)(2) of the Local Rules of Practice for this Court. The Court notes that Plaintiff's duty to submit an affidavit is clearly stated in the Local Rules of Practice for this Court, as well as on page 38 of the District's *Pro Se* Handbook, copies of which were on file at Plaintiff's correctional facility during the time in question.

Second, Plaintiff's motion fails to satisfy any of the three grounds upon which a district court may justifiably reconsider its previous ruling: (i) an intervening change in controlling law, (ii) new evidence, or (iii) a demonstrated need to correct a clear error of law or to prevent manifest injustice. *U.S. v. Sanchez*, 35 F.3d 673, 677 (2d Cir.), *cert. denied*, 514 U.S. 1038 (1995). Rather than even attempt to base his motion on the either of the first two above-described grounds, Plaintiff bases his motion exclusively on the third of the above-described ground. More specifically, Plaintiff argues that he was, when he filed his Complaint, under imminent danger of serious physical injury because nutritionally adequate food is one of the basic necessities of life. (Dkt. No. 6, at 4.) However, even when construed with the utmost of special liberality, Plaintiff's Complaint does not allege facts plausibly suggesting that the food he

was being served, at the time he filed his Complaint, was in fact nutritionally inadequate. (*See generally* Dkt. No. 1.) Rather, as explained in the Court's Decision and Order of June 12, 2012, Plaintiff alleges merely that the types of foods he was being served were objectionable in that they were not the foods that he preferred. (Dkt. No. 5, at 8.) The Court notes that Plaintiff's allegations remind the Court of the Second Circuit's observation that "a correctional facility is not a health spa, but a prison in which convicted felons are incarcerated." *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir.1986).

Finally, because Plaintiff has failed to pay the Court's filing fee of three hundred fifty dollars as directed by the Court in its Decision and Order of June 12, 2012, his action is dismissed without prejudice.

## II.     APPROPRIATENESS OF BAR ORDER

The Court has carefully considered Plaintiff's response to the Court's Order to Show Cause of June 12, 2012, and finds that it fails to show the cause required. (Dkt. No. 6.) The Court advises Plaintiff that, in concluding that a filing injunction is needed in this action, the Court has not, in fact, relied solely on the number of cases that Plaintiff has filed; rather, the Court has relied also on, inter alia, the quality of Plaintiff's cases, and his failure to diligently litigate those cases. (*See, e.g.,* Dkt. No. 5, at 4, 9-10, n.3 [listing nine of Plaintiff's cases that were dismissed for failure to state a claim or frivolousness, and eleven of Plaintiff's cases that were dismissed for failure to pay the filing fee, in this District alone].)[1]

---

[1]     The Court notes that the Second Circuit itself has identified at least one of his claims as frivolous. *See Johnson v. Tremper*, 38 F. App'x 665, 667 (2d Cir. 2002) ("Johnson's complaint alleges that his right to privacy was violated when female guards were posted in positions from which they could view him naked in the shower. Whether such allegations are sufficient or not in the abstract, any claim is frivolous here in light of the undisputed fact that

3

In addition, the Court has considered (1) Plaintiff's lack of an objective good-faith expectation of prevailing in the vast majority of his cases, (2) the fact that, not only has Plaintiff has caused needless expense to other parties, he has posed an unnecessary burden on this congested Court (thus lengthening the median time to its disposition for other pro se prisoner civil rights cases, including those that do have merit), and (3) the fact that other sanctions would be inadequate to protect the Court and other parties from this incorrigible pro se litigant. *See, e.g., Johnson v. Connolly*, 07-CV-0158, 2008 WL 724167, at *14 (N.D.N.Y. March 17, 2008) (Report-Recommendation of Lowe, M.J., adopted by Kahn, J) ("I have carefully considered all less drastic sanctions and found them to be inadequate and inappropriate remedies, given the particular circumstances of this case, and Plaintiff's incorrigible propensity for abusing the litigation process.").

Furthermore, the Court advises Plaintiff that forbidding a vexatious *pro se* plaintiff from filing future *pro se* actions in a particular court without first obtaining leave of the Court is not an overly broad or impermissibly burdensome restriction, for purposes of the United States Constitution. *See, e.g., Hong Mai Sa v. Doe*, 406 F.3d 155, 157-58 (2d Cir. 2005) ("In October 2000, Hong Mai was enjoined from filing *any document* in the district court without prior approval. . . . In January 2003, Hong Mai violated the district court order by giving to the clerk of that court two sets of papers. . . . The issue posited . . . is whether the district court erred in failing to file the papers offered for filing and in failing to decide the issues in them–other than by the decision of Judge Ross to reject them for filing. No due process issue is presented by that

---

Johnson had access to a shower curtain that would have provided cover, and voluntarily chose to forgo it.").

procedure and disposition.") [emphasis added].[2] Simply stated, Plaintiff's reliance on *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 25 (2d Cir. 1986) ("[T]he injunction, which precludes Safir from instituting any action whatsoever, is overly broad."), is misplaced, because the injunction in question does not preclude him from instituting any action whatsoever: it merely precludes him from instituting (1) a *pro se* action (2) in this Court (3) without prior leave of the Court. More importantly, the scope of the injunction in this action is entirely appropriate under the circumstances.

As a result, for the reasons stated in the Order to Show Cause, <u>Plaintiff is barred from filing any future pro se motions in this action without first obtaining leave of the Court</u>; and Plaintiff's case is forwarded to Chief United States District Judge Gary L. Sharpe with a recommendation that an Anti-Filing Injunction Order be issued against Plaintiff.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED** that his action is **DISMISSED** without prejudice for failing to pay the Court's filing fee of three hundred fifty dollars as directed by the Court in its Decision and Order of June 12, 2012; and it is further

---

[2] *See also In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) ("The order does not prohibit Martin-Trigona from seeking access to other federal district courts; it merely requires that he inform the court in question of pertinent facts concerning the action he seeks to bring, including the existence of the injunction order and of outstanding litigation against the named defendants, and that he obtain leave of that court to file the action. These conditions are hardly unreasonable."); *cf. Lipko v. Christie*, 94 F. App'x 12, 14 (2d Cir. 2004) (ordering the Clerk to "refuse to accept for filing any further submission signed by the plaintiff unless he first obtains the leave of the Court to file such papers"), *accord, Malley v. City of New York*, 91 F. App'x 182, 184 (2d Cir. 2004).

**ORDERED** that, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to manage its docket so as to prevent abuse in its proceedings, Plaintiff is **BARRED** from filing any future *pro se* motions in this action without first obtaining leave of the Court; and it is further

**ORDERED** that the Clerk of the Court shall forward Plaintiff's case to Chief United States District Judge Gary L. Sharpe with the undersigned's recommendation that an Anti-Filing Injunction Order be issued against Plaintiff; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by certified mail.

Dated: July 16, 2012
Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge